{¶ 82} I concur with the majority's well-reasoned opinion regarding appellant's first assignment of error.
 {¶ 83} With respect to appellant's second assignment of error, I agree with the majority's conclusion that reversal and remand is appropriate on the issue of child support on the basis that the trial court, in effect, allowed for a "double deviation" from the worksheet amount. However, I take issue with the majority's conclusion that the trial court was somehow "faulting" appellant by granting a deviation in child support based upon the fact that appellant lives in her grandmother's home. This conclusion is supported neither by the evidence nor Ohio law.
 {¶ 84} As the majority correctly notes, R.C. 3119.24(A) obligates the court to order the amount of child support to be paid pursuant to a shared parenting order to be "calculated in accordance with the schedule * * * set forth in section 3119.022 of the Revised Code," unless the court concludes that the amount would be "unjust or inappropriate * * * and * * * not * * * in the best interest of the child because of the *Page 21 
extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code * * *."
 {¶ 85} Contrary to the majority's assertions, a plain reading of R.C.3119.24(A) imposes no requirement that a deviation be based solely upon extraordinary circumstances, since the statute is written in the disjunctive. Thus, a trial court may grant a deviation based upon extraordinary circumstances or a finding that any of the R.C. 3119.23
factors apply. This conclusion is further supported by the fact that "extraordinary circumstances" are separately defined from the factors enumerated in R.C. 3119.23. See 3119.24(B).
 {¶ 86} R.C. 3119.23 states that the court may, in the sound exercise of its discretion "consider any of the following factors in determining whether to grant a deviation," including "[b]enefits that either parent receives from * * * sharing living expenses with another person." R.C.3119.23(H) (emphasis added).
 {¶ 87} In his judgment entry, the magistrate concluded that "Ms. Kost saved over $500 in rent" on a monthly basis "by living in her grandmother's home." This conclusion was supported by appellant's testimony that she paid her grandmother $50 per week in rent to live in her home, which translates to approximately $217 per month. Earlier, appellant had testified that when she moved out of Frank Kost's home in 2001 and rented a house, the rent was $750 per month. Based upon this testimony, there was competent, credible evidence to support a deviation pursuant to R.C. 3119.23(H). Thus, I cannot conclude that a deviation would be inappropriate based upon the magistrate's findings of fact.
 {¶ 88} Moreover, the majority's commentary related to the permanence or lack thereof of Kost's living arrangements as a means of justifying its conclusion is both *Page 22 
irrelevant and inappropriate under the circumstances. Based upon the evidence adduced at the hearing, there is no question that appellant benefits financially from her shared living arrangement, and the court may, in its discretion, consider this when determining whether a deviation is appropriate. In the event that appellant's circumstances were to change so that she no longer benefits financially from a shared living arrangement, she is free to file a motion for a modification of child support pursuant to R.C. 3119.79 and Civ.R. 75.
 {¶ 89} For these reasons, I concur in judgment only. *Page 1